**The STATE of Ohio, Appellee,**

v.

**SHORT, Appellant.**

[Cite as *State v. Short,* 172 Ohio App.3d 83, 2007-Ohio-3166.]

Court of Appeals of Ohio,
Second District, Darke County.

No. 06–CA–1691.

Decided June 22, 2007.

Thomas L. Guillozet, for appellee.

James R. Short, pro se.

FAIN, Judge.

{¶ 1} Defendant-appellant, James R. Short, appeals from his conviction and fine for a parking violation. He contends that the trial court erred by failing to sustain his motion to dismiss, because of the failure of the village of Versailles to have complied with the requirements of R.C. 4521.03 for the adoption of a uniform parking ticket and the establishment of a parking-violation bureau.

{¶ 2} We agree with the state that the requirements of R.C. 4521.03 have application only to a local authority that has elected to use the authority granted by R.C. 4521.02 to decriminalize parking violations. R.C. 4521.02 is permissive. A local authority is not required to use that statute to establish a noncriminal method of enforcing parking violations. The village of Versailles has not used R.C. 4521.02. Therefore, the requirements of R.C. 4521.03, upon which Short relies, have no application to it, and the judgment of the trial court is affirmed.

I

{¶ 3} John Overholser submitted a nuisance complaint to the village of Versailles police department, indicating that a red Ford van had been parked across from his house for over a year, without being moved. Upon investigation, Versailles Police Sergeant John Bolin located the van, noted its license-plate number, marked the right front and right rear tires, and marked the pavement at the same location. Two days and 15 minutes later, Bolin returned to the location and noted that the van was still parked there and that the marks on both the tires and the pavement were at the same location.

{¶ 4} Bolin issued Short, the owner of the van, a citation for violating Versailles Traffic Code 452.05(a), which provides as follows:

{¶ 5} "No person shall leave any motor vehicle, other than an abandoned junk motor vehicle, as defined in Ohio R.C. 4513.63, on private residential or private agricultural property for more than four hours without the permission of the person having the right of possession of the property, or on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for 48 hours or longer, without notification to the Chief of Police of the reasons for leaving the motor vehicle in such place."

{¶ 6} Short moved to dismiss the complaint against him, citing various deficiencies in the parking ticket. The prosecutor responded, and Short responded to the prosecutor's response. The trial court, considering Short's motion to dismiss and the memoranda filed in support of and in opposition to the motion, denied it.

{¶ 7} Following a trial, Short was found guilty of the violation and was fined $150 and costs. From his conviction and fine, Short appeals.

II

{¶ 8} Short, who is appealing pro se, has not set forth assignments of error in his brief, as required by App.R. 16(A)(3), but from his arguments, we infer his sole assignment of error to be as follows:

{¶ 9} "The trial court erred when it denied short's motion to dismiss the complaint."

{¶ 10} The argument Short made in the trial court in support of his motion to dismiss, which he makes also in his brief, is that the village of Versailles has failed to comply with the requirements of R.C. 4521.03 for the adoption of a parking ticket containing certain features.

{¶ 11} The state contends that the requirements of R.C. 4521.03 apply only to a local authority that has elected, under R.C. 4521.02, to decriminalize parking violations by the establishment of noncriminal procedures for parking violations. We agree with the state.

{¶ 12} R.C. 4521.02(A) provides as follows:

{¶ 13} "A local authority that enacts any ordinance, resolution, or regulation that regulates the standing or parking of vehicles and that is authorized pursuant to section 505.17 or 4511.07 of the Revised Code also by ordinance, resolution, or regulation *may* specify that a violation of the regulatory ordinance, resolution, or regulation shall not be considered a criminal offense for any purpose, that a person who commits the violation shall not be arrested as a result of the commission of the violation, and that the violation shall be handled pursuant to this chapter. *If* such a specification is made, the local authority also by ordinance, resolution, or regulation shall adopt a fine for a violation of the regulatory ordinance, resolution, or regulation and prescribe an additional penalty or penalties for failure to answer any charges of the violation in a timely manner. In no case shall any fine adopted or additional penalty prescribed pursuant to this division exceed the fine established by the municipal or county court having territorial jurisdiction over the entire or a majority of the political subdivision of the local authority, in its schedule of fines established pursuant to Traffic Rule 13(C), for a substantively comparable violation. Except as provided in this division, in no case shall any fine adopted or additional penalty prescribed pursuant to this division exceed one hundred dollars, plus costs and other administrative charges, per violation." (Emphasis added.)

{¶ 14} The emphasized words "may" and "if" leave no doubt that R.C. 4521.02 is permissive, not mandatory. A local authority may choose to remove parking violations from its criminal process, but it is not required to do so. The village of Versailles has not elected to remove parking violations from its regular criminal process.

{¶ 15} R.C. 4521.03, upon which Short relies, establishes requirements for a parking ticket, which local authorities that have enacted an ordinance, resolution, or regulation pursuant to R.C. 4521.02(A) are required to adopt and use. But we agree with the state that the requirements of R.C. 4521.03 apply only to a

local authority that has availed itself of the decriminalization of parking violations permitted by R.C. 4521.02. That is clear from the first sentence of R.C. 4521.03(A): "Each local authority that enacts any ordinance, resolution, or regulation pursuant to division (A) of section 4521.02 of the Revised Code shall adopt a parking ticket to be used by its law enforcement officers."

{¶ 16} The procedural requirements set forth in R.C. 4521.03 for local authorities that have used R.C. 4521.02(A) to make parking violations noncriminal are in lieu of the procedural requirements and safeguards available to any criminal defendant. Because the village of Versailles has not elected to make parking violations noncriminal, all of the procedural protections afforded to criminal defendants were available to Short in his prosecution in the Darke County Municipal Court, and he has not alleged any deficiencies in that regard.

{¶ 17} Short's sole assignment of error is overruled.

### III

{¶ 18} Short's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF, P.J., and DONOVAN, J., concur.